AO 472  (Rev. 09/08)  Detention Order Pending Trial (MODIFIED)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 4:15 MJ 1185 JMB |
| JEFF TAYLOR-SHUMPERT ) | |
| *Defendant* ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted
of  ☐ a federal offense   ☐ a state or local offense that would have been a federal offense if federal
jurisdiction had existed - that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5)
    for which the prison term is 10 years or more.

  ☐ an offense for which the maximum sentence is death or life imprisonment.

  ☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.*

  ☐ a felony committed after the defendant had been convicted of two or more prior federal offenses
    described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

  ☐ any felony that is not a crime of violence but involves:

    ☐ a minor victim

    ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

    ☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a
federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the  ☐ date of conviction   ☐ the defendant's release
from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the
safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
  ☒ for which a maximum prison term of ten years or more is prescribed in  21 U.S.C. § 841(a)(1) .
  ☐ under 18 U.S.C. § 924(c).

---

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

☐   involving a minor victim under  18 U.S.C. §         .

☒ (2)   The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

**Alternative Findings (B)**

☒ (1)   There is a serious risk that the defendant will not appear.

☒ (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

At the detention hearing, the parties had no substantive disagreement with the facts set forth in the Pretrial Services Report dated 12/16/15.  The court adopts and incorporates by reference herein the facts set out in that report.  At the detention hearing, the government represented that an indictment in this matter would be returned today.  The court indicated it would consider that indictment in making any decision regarding release or detention.  The court has received and considered the indictment.

**Part II— Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes by   ☒   clear and convincing evidence   ☒  a preponderance of the evidence that

There is no condition or combination f conditions that will reasonably assure the Court that Defendant will not be a danger to the community or a person in the community, and will appear as required.  Defendant was charged by complaint with a serious drug-trafficking offense (heroin), which carries a maximum term of imprisonment of 20 years.  Defendant has now been indicted on the same heroin charge, as well as a charge of possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c).  Although Defendant has relatively little criminal history, the history he has is serious.  Defendant has several charges related to assault and armed violence, and 2013 convictions for unlawful use of a weapon and drug possession.  Defendant is currently on state supervised probation.   Defendant has had his probation suspended in the past and his probation officer indicated that he expects Defendant's probation to be revoked on the basis of the present arrest.  The facts alleged in the present complaint reflect serious conduct that occurred while Defendant was on supervision, including possessing multiple firearms and a large volume of heroin.

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:   12/17/2015                                                                             /s/ John M. Bodenhausen

                                                                                                        United States Magistrate Judge

---

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).